**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:**<br><br>**SOL TAINO ARTISAN SPIRIT, LLC;**<br><br>**DESTILERIA CRUZ, CORP.,**<br><br>**Debtors.** | **CASE NO. 26-03739 (MAG)**<br><br>**CHAPTER 7**<br><br>**OBJECTION TO PROOF OF CLAIM NO. 1 FILED BY CRUZ CONSULTING GROUP, CORP.** |

**DEBTOR'S OBJECTION TO PROOF OF CLAIM NO. 1 FILED BY CRUZ CONSULTING GROUP, CORP. AND REQUEST FOR RECLASSIFICATION TO UNSECURED STATUS**

***NOTICE OF OBJECTION TO CLAIM AND OPPORTUNITY TO OBJECT***

*PLEASE TAKE NOTICE that pursuant to Rule 3007 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 3007-1 for the District of Puerto Rico, the Debtor/Trustee hereby objects to Proof of Claim No. 1 filed by Cruz Consulting Group, Corp. If you oppose the relief requested herein, you must file a written response with the Clerk of the Bankruptcy Court within thirty (30) days from the date of service of this Objection, with a copy served upon the undersigned counsel. If no response is timely filed, the Court may deem the Objection unopposed and grant the relief requested without further hearing or notice.*

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

**COMES NOW** the Debtor / Chapter 7 Trustee (the "Objecting Party"), by and through the undersigned counsel, and respectfully files this Objection to Proof of Claim No. 1 filed by Cruz Consulting Group, Corp., pursuant to 11 U.S.C. §§ 502, 506, and 544, Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 3007-1 for the District of Puerto Rico, and in support thereof respectfully states as follows:

## I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), involving the allowance or disallowance of claims against the estate.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## II. BACKGROUND AND CLAIM NO. 1

3. On August 31, 2026, creditor Cruz Consulting Group, Corp. ("Creditor" or "Cruz Consulting") filed Proof of Claim No. 1 ("Claim No. 1") in this case, asserting a total claim in the amount of $1,307,282.00.

4. On Official Form 410, Part 2, Lines 7 through 9, Creditor designated the entire claim amount of $1,307,282.00 as fully SECURED, describing the basis of the claim and the nature of the collateral as "Sale of a Rum Manufactory Company," with a claimed collateral value of $2,500,000.00 and an asserted annual (variable) interest rate of 7.00%. Line 7 further discloses that the claim includes interest or other charges.

5. In support of Claim No. 1, Creditor attached: (a) a Stock Purchase Agreement dated June 21, 2016, by and among José Cruz Cruz (Seller), Sol Taino Spirits, Corp. (Purchaser), and Destilería Cruz, Inc.; (b) a Secured Promissory Note and Security Agreement dated June 23, 2016, in the principal amount of $477,036.00; and (c) a UCC-1 Financing Statement filed August 25, 2016 (File No. 2016004987) with the Commercial Transactions Registry (Registro de Transacciones Comerciales) of the Department of State of Puerto Rico. No itemized statement of principal, interest, fees, or charges accompanies the claim.

## III. LEGAL AND FACTUAL GROUNDS FOR DISALLOWANCE AS SECURED AND DEFICIENCY OF PROOF

### *A. No Rum Distillery Was Sold; The Transaction Was Exclusively a Sale of Corporate Stock*

6. In Part 2, Lines 8 and 9 of Official Form 410, Creditor describes the basis of the claim and the collateral as the "Sale of a Rum Manufactory Company." This characterization is legally inaccurate and is unsupported by, and directly contradicted by, the contract Creditor itself attached as evidence.

7. The governing contract attached as evidence is expressly titled a "Stock Purchase Agreement," dated June 21, 2016. The Recitals and Section 1.1 state, in relevant part, that the Seller "is the owner of 100% of the issued and outstanding shares of common stock of the Corporation" and agreed to sell, and the Purchaser agreed to purchase, "100% of shares of Common Stock of the Corporation." The subject matter of the transaction was, exclusively, corporate equity — not the distillery, its equipment, or its real property.

8. No rum distillery, physical asset, or real property was sold or transferred to the Purchaser. Corporate stock was the sole subject of the sale. Equity shares do not constitute a lien on, or

physical collateral consisting of, the operating assets of the Debtors, nor does a stock purchase agreement, standing alone, grant Creditor an automatic or direct security interest in the Debtors' corporate assets.

### *B. Failure to Provide an Itemized Statement of Principal, Interest, Fees, and Charges Under Bankruptcy Rule 3001(c)(2)(A)*

9. Federal Rule of Bankruptcy Procedure 3001(c)(2)(A) mandates that if a claim includes interest, fees, expenses, or other charges incurred before the petition date, the holder of the claim must file an itemized statement of the interest, fees, expenses, or charges as part of the proof of claim.

10. Creditor asserts a total claim of $1,307,282.00 and expressly checked "Yes" on Line 7 of Form 410, confirming that the claim includes interest or other charges, and further specifies an annual interest rate of 7.00% (variable) on Line 9.

11. Notwithstanding this disclosure, Creditor failed to attach any itemized statement detailing how the principal amount, accrued interest, fees, expenses, or other charges were calculated to reach the pre-petition sum of $1,307,282.00.

12. Because the Secured Promissory Note attached to the claim reflects a principal amount of only $477,036.00, Creditor's failure to provide an itemized breakdown deprives the estate and parties in interest of any means to determine what portion, if any, of the additional $830,246.00 constitutes legitimate principal, accrued interest, or fees, as opposed to unsubstantiated or duplicative charges. Under Fed. R. Bankr. P. 3001(c)(2)(D), a creditor's failure to provide the required itemization warrants precluding the Creditor from presenting such evidence and disallowing the unitemized components of the claim.

### *C. Creditor Lacks a Security Agreement Covering $830,246.00 of the Claimed Amount*

13. Under 11 U.S.C. § 506(a), a claim is secured only to the extent of the value of a creditor's interest in estate property, and only where that interest is supported by a valid and enforceable security agreement under applicable non-bankruptcy law. See 81 L.P.R.A. § 2213 (UCC § 9-203).

14. The Security Agreement attached to Claim No. 1 grants a security interest solely to secure the obligations under the Secured Promissory Note dated June 23, 2016, in the principal sum of $477,036.00. No security agreement of record grants Creditor a security interest for the remaining $830,246.00 asserted in Claim No. 1.

15. Moreover, the Security Agreement does not encumber an "entire rum manufacturing company" or any real property. It is expressly and narrowly limited to specific items of distillery equipment identified in Paragraph 1 thereof, namely: three (3) fermenting tanks, one (1) pot still, one (1) defragmentor tower, one (1) condensator tower, one (1) rectification tank, one (1) mixer tank, two (2) rum warehouse tanks, one (1) hot water tank, and one (1) glycol tank, together with

all power pumps and connections, the boiler, cold water compressor, water treatment system, and molasses tank.

16. Consequently, at a minimum, $830,246.00 of Claim No. 1 is wholly uncollateralized and unsupported by any perfected or even unperfected security agreement, and cannot be allowed as a secured claim.

***D. Creditor's Security Interest Lapsed Pre-Petition Under Puerto Rico Commercial Transactions Law***

17. Pursuant to 81 L.P.R.A. § 2335 (Puerto Rico Law No. 241-1996, the Commercial Transactions Act, as amended by Law No. 21-2012 / UCC § 9-515), a filed UCC-1 financing statement lapses, and its effectiveness terminates, five (5) years after the date of filing, unless a timely Continuation Statement is filed within the six-month period immediately preceding expiration.

18. Creditor's Financing Statement (Registration No. 2016004987) was filed with the Commercial Transactions Registry of the Department of State of Puerto Rico on August 25, 2016. Accordingly, absent a timely Continuation Statement, perfection of the underlying security interest lapsed by operation of law on August 25, 2021.

19. The record before this Court reflects no Continuation Statement filed by Creditor prior to the August 25, 2021 lapse date. Upon lapse, the security interest became unperfected and, pursuant to 81 L.P.R.A. § 2335(c), is deemed never to have been perfected as against a purchaser of the collateral for value or a lien creditor.

20. Under 11 U.S.C. § 544(a)(1), the Chapter 7 Trustee occupies the position of a hypothetical judicial lien creditor as of the petition date, with the power to avoid any lien that was unperfected as of that date. Because Creditor's security interest was unperfected as of the petition date, it is avoidable in its entirety and subordinate to the interests of the estate, rendering the entirety of Claim No. 1 properly classified as UNSECURED.

| **Claim Component** | **As Filed (Form 410)** | **Legal/Documented Defects** | **Proper Classification** |
|---|---|---|---|
| Note Principal ($477,036.00) | $477,036.00 Secured | Stock sale only (no distillery sold); Security agreement covers equipment only; UCC-1 lapsed August 2021 | General Unsecured |
| Unsubstantiated Balance | $830,246.00 Secured | No security agreement; No Rule 3001(c)(2)(A) itemization of principal/interest/fees | General Unsecured / Disallowed |

| Claim Component | As Filed (Form 410) | Legal/Documented Defects | Proper Classification |
|---|---|---|---|
| **TOTAL CLAIM** | **$1,307,282.00 Secured** | **Security interest unperfected & partially uncollateralized; lacks itemized breakdown** | **$1,307,282.00 Unsecured** |

## IV. PRAYER FOR RELIEF

WHEREFORE, the Objecting Party respectfully requests that this Honorable Court enter an Order:

a. SUSTAINING this Objection to Proof of Claim No. 1;

b. DISALLOWING Proof of Claim No. 1 in its entirety as a secured claim pursuant to 11 U.S.C. §§ 506(a) and 544(a)(1);

c. RECLASSIFYING Proof of Claim No. 1 as a General Unsecured Claim in the amount of $1,307,282.00, subject to further disallowance of any unitemized pre-petition interest, fees, or charges pursuant to Fed. R. Bankr. P. 3001(c)(2)(D);

d. Granting such other and further relief as this Court deems just and proper under the circumstances.

RESPECTFULLY SUBMITTED.

In Sabana Grande, Puerto Rico, this 16th day of September, 2026.

/s/ *Peter Santiago González, Esq.*
Lcdo. Peter Santiago González
USDC-PR No. 304201
Counsel for Debtor
P.O. Box 1414
Sabana Grande, PR 00637
Tel: (78)396-9029
Email: quiebrapr@gmail.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 16th day of September, 2026, a true and correct copy of the foregoing Objection was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all registered attorneys of record, and was further served via Certified Mail, Return Receipt Requested, upon:

Cruz Consulting Group, Corp.
c/o José Luis Cruz Cruz
A6 Segundo Bernier Int.
Coamo, PR 00769
Email: jlcruzc13@gmail.com

/s/ Peter Santiago González
Lcdo. Peter Santiago González